51 F.3d 272
 150 L.R.R.M. (BNA) 3022
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
OMNI CONVALESCENT CENTER, Respondent.
 No. 95-5079.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1995.
 
 Before: JONES, CONTIE, and BATCHELDER, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its March 26, 1993, decision and order in Case No. 7-CA-33937 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. The respondent did not file an answer to the complaint and has not made an appearance either before the Board or this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See 29 U.S.C. Sec. 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Case No. 7-CA-33937 is hereby enforced. The respondent, Omni Convalescent Center, Detroit, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Failing and refusing to bargain collectively and in good faith with Local 79, Service Employees International Union, AFL-CIO (the "Union"), which is the designated exclusive bargaining representative of the respondent's employees in an appropriate unit, by refusing to timely remit to the Union dues that were withheld from the base wages of unit employees, as required by Article II, Sections 1 and 2 of its collective bargaining agreement with the Union. The appropriate bargaining unit consists of:
 
 
 4
 All full-time and regular part-time employees employed by Omni Convalescent Center as nursing assistants, cooks, food service workers, cook's helpers, housekeepers, maintenance, laundry and utility workers, but excluding registered and licensed practical nurses, technical employees, physical therapists, administrative and executive personnel, office clerical employees and guards, supervisors and professional employees as defined in the National Labor Relations Act (the "Act").
 
 
 5
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 6
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 7
 (a) Remit to the Union the dues that were deducted from the unit employees' base wages and which have not been remitted since May 1992, with interest as described in the remedy section of the Board's decision.
 
 
 8
 (b) Preserve and, on request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this judgment.
 
 
 9
 (c) Post at its facility in Detroit, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 10
 (d) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 11
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
 
 COURT OF APPEALS ENFORCING AN ORDER OF THE
 NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 12
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 13
 WE WILL NOT fail and refuse to bargain collectively and in good faith with Local 79, Service Employees International Union, AFL-CIO, which is the designated exclusive bargaining representative of our employees in an appropriate unit, by failing to timely remit to the Union the dues that were withheld from unit employees' base wages, as required by article II, sections 1 and 2 of our collective-bargaining agreement with the Union. The appropriate bargaining unit consists of:
 
 
 14
 All full-time and regular part-time employees employed by Omni Convalescent Center as nursing assistants, cooks, food service workers, cook's helpers, housekeepers, maintenance, laundry and utility workers, but excluding registered and licensed practical nurses, technical employees, physical therapists, administrative and executive personnel, office clerical employees and guards, supervisors and professional employees as defined in the Act.
 
 
 15
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 16
 WE WILL remit to the Union the dues that were withheld from the base wages of unit employees and which have not been remitted since May 1992, with interest.
 
 OMNI CONVALESCENT CENTER
 
 17
 (Employer)
 
 Dated ________
 
 18
 ______________________________
 
 
 19
 (Representative) (Title)
 
 
 20
 This is an official notice and must not be defaced by anyone.
 
 
 21
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.